458 So.2d 893 (1984)
PALM PAVILION OF CLEARWATER, INC., a Florida Corporation, Appellant,
v.
Edwin THOMPSON, Individually, and Gene Thompson, Individually, and As Personal Representatives of the Estate of Agnes Janette Roux, Appellees.
No. 84-261.
District Court of Appeal of Florida, Second District.
November 16, 1984.
Elihu H. Berman of Krug, Berman & Silverman, Clearwater, and Leon Whitehurst, Jr., Clearwater, for appellant.
Thomas C. Floyd of Floyd, Pobjecky, Sammons & Dantzler, P.A., Winter Haven, for appellees.
LEHAN, Judge.
Lessee defendant appeals the final summary judgment entered by the trial court on motion of plaintiffs who are the personal representatives of the lessor's estate. Concluding that the fair market value of property to be purchased under an option in the lease was the fair market value of the property unencumbered by the lease, we affirm the trial court's summary judgment to that effect.
In 1964, lessee and lessor entered into a twenty-year lease of certain real property. In 1976, that lease was modified by a lease modification agreement which extended the term of the existing lease and which granted lessee an option to purchase the property. Lessee paid $5,000 for the option which was exercisable only if lessor died prior to the termination of the lease. The personal representatives of the lessor notified lessee of the lessor's death, and lessee decided to exercise the option.
The Lease Modification Agreement specified the manner of determining the purchase price of the property. The pertinent provision stated:
3(d) If the Lessee timely elects to exercise this option, the Lessee and the personal representative of the Lessor/Owner's estate shall agree upon a purchase price for said property. If the Lessee and the personal representative cannot agree upon a purchase price, then the Lessee shall select a real estate appraiser, the personal representative shall select a real estate appraiser and the two real estate appraisers so selected shall appoint a third real estate appraiser. The three real estate appraisers shall then each determine the fair market value of said property and the average of the three prices or values determined by the appraisers shall be considered the fair market value of the property and said value shall be binding upon all parties in interest.
The lessee's real estate appraiser made a written appraisal of the fair market value *894 of the property as though the property was encumbered by the lease. The personal representatives responded that the fair market value should be of the property unencumbered by the lease. Thereafter, the personal representatives asserted their position in this action for declaratory relief and filed the motion for summary judgment which the trial court granted.
On appeal the lessee contends that following the exercise of the option and the closing of the purchase, the leasehold estate would not merge into the fee and the lease would survive; therefore, the purchase price was intended to be the fair market value of the property as encumbered by the lease. Lessee cites Contos v. Lipsky, 433 So.2d 1242 (Fla. 3d DCA 1983). We disagree.
We believe that the rationale of the dissent in Contos produces the correct result in the case at hand. The fundamental issue in this case involves what it was that the lessee had an option to purchase. The lease stated that the option was to purchase "the above-mentioned real property." The appraisal clause provided that the appraisers shall determine the fair market value "of said property." The term "property" appears to be clear and unambiguous (more so perhaps than the term "the leased premises" in Contos, as discussed below). The term "property" in the agreement was not restricted or narrowed by qualifying words, such as, "the landlord's interest in the property" or "the fee as burdened by the lease." We feel that to construe the agreement as though it contained such restrictive or narrowed language would amount to a judicial rewriting of the agreement which it is not our province to do.
Accordingly, we find that the trial court reached the result which the parties bargained for. We do not find it necessary to deal with the legal criteria for determining whether, in the absence of any manifestation of intent by the parties, a merger of the leasehold interest and the fee would occur upon consummation of the purchase.
Whether or not our opinion is in conflict with Contos may be debatable. However, in Contos the option was to purchase "the leased premises." It may be inferred from the Contos majority opinion that the term was considered to be ambiguous as to whether or not it meant the premises encumbered by the lease. Contos 433 So.2d at 1242 n. 5. On the other hand, we believe no such ambiguity exists concerning the contractual descriptions, "said property" and "the property," in the case at hand. Also, there appear to have been equitable considerations in Contos which do not exist here.
Accordingly, we affirm the final summary judgment for the plaintiffs.
SCHEB, A.C.J., and DANAHY, J., concur.