581 So.2d 147 (1991)
W.G. LASSITER, Jr., Petitioner,
v.
Lester KAUFMAN, et al., Respondents.
No. 76369.
Supreme Court of Florida.
May 30, 1991.
James E. Weber of James E. Weber, P.A., West Palm Beach, for petitioner.
Wilton L. Strickland of Ferrero, Middlebrooks, Strickland & Fischer, P.A., Fort Lauderdale, for respondents.
HARDING, Justice.
We have for review Lassiter v. Kaufman, 563 So.2d 209, 209 (Fla. 4th DCA 1990), in which the Fourth District Court of Appeal certified the following question to be of great public importance:
IN THE DETERMINATION OF FAIR MARKET VALUE OF LEASED PROPERTY AT THE TIME OF THE EXERCISE OF A LESSEE'S OPTION TO PURCHASE, MAY THE TRIAL COURT CONSIDER THE PRESENT VALUE OF THE FEE UNENCUMBERED BY THE LEASE?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we answer the question in the affirmative.
Lassiter, the lessee, entered into a fifty-year lease with Kaufman, the lessor. The lease provided for an annual rental of $20,000 throughout the term of the lease and for Lassiter to be responsible for all expenses, such as taxes, insurance, and repairs on the property. Lassiter was also required to construct a commercial building of not less than 30,000 square feet within eight months after commencement of the lease. Lassiter was given an option to purchase the property at the end of the tenth year of the term for a purchase price of not less than $200,000. Lassiter constructed *148 the building and, after more than ten years, notified Kaufman that he intended to exercise the option to purchase the property for $200,000. However, the lease provided that $200,000 was the minimum price, and the parties could not agree upon the option price. Therefore, Lassiter sued for specific performance. The trial court granted specific performance and found the option price to be $200,000. On appeal, the Fourth District Court affirmed the grant of specific performance, but reversed as to the option price, and remanded for further proceedings. On remand, Lassiter's expert testified that the property encumbered by the lease had a market value of $275,000. However, Kaufman's expert testified that the value of the property unencumbered by the lease was $1,684,000. The trial court, in reliance on Palm Pavilion of Clearwater, Inc. v. Thompson, 458 So.2d 893 (Fla. 2d DCA 1984), review denied, 464 So.2d 555 (Fla. 1985), and the dissent in Contos v. Lipsky, 433 So.2d 1242, 1247 (Fla. 3d DCA 1983) (Schwartz, C.J., dissenting), found that Kaufman's valuation was correct. The Fourth District Court of Appeal agreed. We approve the decision below.
In resolving the valuation problem, the trial court mechanically applied the doctrine of merger[1] without considering the intent of the parties. This approach has long "given way to the rule that equity will prevent or permit a merger as will best serve the purpose of justice and the actual and just intent of the parties, whether express or implied." Contos, 433 So.2d at 1244. Thus, an intention that a transaction operate as merger is essential to a merger in equity. Jackson v. Relf, 26 Fla. 465, 8 So. 184 (1890). In the absence of an express intent regarding merger, the court must look to the record for evidence from which an intent to merge can be implied. Contos, 433 So.2d at 1245. When no such evidence can be found, equity will presume that the party acquiring both estates intended the result most beneficial to him. Id.
Lassiter cites Contos to support his contention that equity prevents the application of the doctrine of merger in this case because merger would be detrimental to his interests as the party uniting the two interests through exercising the option to purchase the leased premises.[2] Additionally, Lassiter contends that Palm Pavilion is inapposite because the contractual description of the property was not ambiguous, unlike Lassiter's contract. We disagree with the petitioner's characterization of these cases, and find that both Contos and Palm Pavilion are consistent with the result below.
In Palm Pavilion the Second District Court found the word "property," as used in both the option clause and the appraisal clause, to be a clear and unambiguous statement that the property should be valued as unencumbered by the lease. Thus, the court found it unnecessary to apply the doctrine of merger to reach the result for which the parties had bargained. 458 So.2d at 894.
In contrast, the option clause before the Contos court gave the lessee the option to purchase the "leased premises." Contos, 433 So.2d at 1243. There, the court not only found an absence of expressed intent concerning merger, but also found the term "leased premises" to be an ambiguous reference from which no intent to merge could be implied. Id. at 1245. Accordingly, the Third District Court found that the result most beneficial to the lessee was to prevent merger and to value the property as encumbered by the lease. Id. at 1246. Thus, the court turned to the doctrine of merger to resolve the ambiguity and supply the requisite intent.
*149 In the instant case section 25.01 of the lease agreement grants Lassiter an option to purchase the "fee title." The term "fee title," like the term "property" in Palm Pavilion, clearly states what interest Lassiter will purchase upon exercising the option. That interest is the property unencumbered by the lease. Therefore, we find it unnecessary to determine whether merger should occur or not. If the option clause had been ambiguous, as in Contos, then the doctrine of merger would have to be addressed. Notably, the result in this case would have been the same had we applied the doctrine of merger. While there was no statement by the parties regarding merger, the term "fee title" expresses an implied intent to merge. Therefore, under either approach, Lassiter must pay $1,684,000 to exercise the option to purchase the property.
Accordingly, we answer the certified question in the affirmative and approve the decision of the district court of appeal.
It is so ordered.
OVERTON, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion, in which OVERTON, J., concurs.
SHAW, C.J. and McDONALD, J., dissent.
GRIMES, Judge, concurring.
I do not think the doctrine of merger has much to do with the outcome of this case. Merger occurs when a greater estate and a lesser estate meet in the same person at the same time and in the same right. Walter J. Dolan Properties v. Vonnegut, 133 Fla. 854, 184 So. 757 (1938). Because the merger cannot occur until the lessee acquires title to the property, I do not see how merger principles can be considered in trying to determine how much will have to be paid for the property in order to acquire it.
In my judgment, this case is solely controlled by the intent of the parties as reflected in the lease. In giving the lessee the option to purchase "fee title," the parties clearly intended to purchase the property for its fair market value unencumbered by the lease. Indeed, it is most unlikely that the lessor would give the lessee an option to buy the property at a price that would be subject to reduction in the event the leasehold interest appreciated in value. Thus, in the absence of specific language to the contrary in the lease, I would hold that the option price would always be computed as if the property were unencumbered by the lease, and I would have joined the dissent in Contos v. Lipsky, 433 So.2d 1242 (Fla. 3d DCA 1983). This analysis is also consistent with our recent decision in Valencia Center, Inc. v. Bystrom, 543 So.2d 214 (Fla. 1989).
OVERTON, J., concurs.
NOTES
[1] "Merger" refers to the process whereby a greater estate (fee simple) and a lesser estate (leasehold), without an intermediate estate, coincide and meet in one person thereby extinguishing the lesser estate into the greater. Black's Law Dictionary 892 (5th ed. 1979). Therefore, the owner will hold the property with an unencumbered title. See Contos v. Lipsky, 433 So.2d 1242, 1245 (Fla. 3d DCA 1983).
[2] If merger occurred in the present case, Lassiter would have to pay $1,684,000 for the property, as opposed to only paying $275,000 if merger did not occur.