593 So.2d 1045 (1992)
John S. TAYLOR, III, et al., Plaintiffs-Counterclaim-Defendants-Appellants,
v.
The FUSCO MANAGEMENT COMPANY, etc., Defendant-Counterclaim-Plaintiff-Appellee.
No. 77477.
Supreme Court of Florida.
February 20, 1992.
F. Wallace Pope, Jr. and Marion Hale of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, Clearwater, for plaintiffs-counterclaim-defendants-appellants.
*1046 Alan C. Sundberg, Tallahassee, and Edward I. Cutler, Tampa, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., and Joseph R. Park of Park, Rodnite, Hammond & Ossian, P.A., Clearwater, for defendant-counterclaim-plaintiff-appellee.
HARDING, Justice.
We have for review Taylor v. Fusco Management Co., No. 90-3288 (11th Cir. Feb. 22, 1991), in which the United States Court of Appeals for the Eleventh Circuit certified the following question of law:
WHETHER THE FAIR MARKET VALUE OF LEASED PROPERTY AT THE TIME A LESSEE EXERCISES AN OPTION TO PURCHASE THE PROPERTY IS THE VALUE OF THE FEE SIMPLE ESTATE UNENCUMBERED BY THE LEASE OR THE VALUE OF THE FEE ESTATE ENCUMBERED BY THE LEASE.
Id., slip op. at 4. We have jurisdiction pursuant to article V, section 3(b)(6) of the Florida Constitution.
This case arose when John S. Taylor, III, Mary Taylor Hancock, and Jean Taylor Carter (the Taylors) filed a complaint in state circuit court seeking a declaration as to whether the Taylors had a right to terminate a lease with Fusco Management Company (Fusco) and whether Fusco could exercise an option to purchase the Taylors' interest in the property at issue. Fusco filed several counterclaims and removed the case to federal district court. Most of the issues in the case were resolved before trial, and the only issue that remained for the district court to decide related to the proper method of determining the fair market value of the property if Fusco exercised the option to purchase. The district court held that upon Fusco's exercise of the option to purchase the property was to be appraised as encumbered by the lease. On appeal, the circuit court of appeals determined that the case was governed by Florida law, but that this Court had not yet answered the question which would determine the outcome of the case. Accordingly, the circuit court of appeals certified the question for resolution by this Court.
In 1963 the Taylors' father entered into a ninety-nine year lease agreement with Leonard Farber whereby Taylor became lessor and Farber became lessee. Pursuant to the lease, Farber built a shopping center on the property. Subsequently, the Taylors inherited the property from their father and Farber assigned his leasehold interest to Fusco. The lease contained a purchase option which provided for the method of choosing appraisers, but was silent as to the method of valuation to be used by the appraisers. The purchase option provided the following:
11. The Lessee shall have the option to purchase the premises from Lessors at any time within three (3) years from the date of commencement of rent under the lease, at a sum of not less than $720,000.00 net to Lessors and the Lessee shall have the further option to purchase at any time thereafter during the term of the lease, upon an appraisal made by three competent MIA Appraisers, one of whom shall be appointed by Lessors, one appointed by Lessee, each of whom shall mutually select a third such appraiser, but in no event shall the sum be less than $720,000.00 net to Lessors, their heirs or assigns, and Purchaser to assume all unpaid mortgage obligations against said property.
In response to a question certified by the Fourth District Court of Appeal, we recently recognized that a trial court may consider the present value of the fee unencumbered by the lease. Lassiter v. Kaufman, 581 So.2d 147 (Fla. 1991). In Lassiter, we held that a lease agreement giving the lessee an option to purchase "fee title" indicated that the interest subject to the option was the property unencumbered by the lease, and that the fair market value was to be determined accordingly. Id. at 149.
The question of law certified by the circuit court of appeals in the instant case poses a broader question than Lassiter. Here, we are asked to state definitively what is the proper measure of the fair market value of leased property at the time a lessee exercises an option to purchase the property. In order to avoid a contract-by-contract *1047 analysis of the language used to describe the interest which is subject to a purchase option, we adopt the broader standard expressed by Justice Grimes' concurrence in Lassiter. Id. (Grimes, J., concurring). Thus, in the absence of specific language to the contrary in the lease, we hold that the market value of leased property at the time a lessee exercises an option to purchase the property should be computed as if the property were unencumbered by the lease. Any intent to value the property otherwise should be clearly stated in the lease.
In the instant case, the lease agreement states that the "Lessee shall have the option to purchase the premises from the Lessors." The term "premises" does not indicate a clear intent to compute the option price on the property as encumbered by the lease. Thus, the property should be valued as unencumbered by the lease.
Having answered the certified question of law, we remand this case to the United States Circuit Court of Appeals for the Eleventh Circuit.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.