MARCELYN BAZELIN TRUST; MARCELYN BAZELIN LAUPPE AND MARYLYNN KELLEY, Appellants, v. McCANDLESS INTERNATIONAL TRUCKS, INC., a Delaware Corporation, Respondent.

No. 22145

May 13, 1992

830 P.2d 1332

*McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks,* Las Vegas, for Appellants.

*Lynn R. Shoen,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

The issue presented on appeal is whether real property which is the subject of an exercised lease-purchase option should be valuated as if it were encumbered by an extension of the leasehold term that was not effectuated by the optionee. For the reasons set forth below, we conclude that the purchase price should be valuated as unencumbered by any lease extension.

*Facts*

The parties are successors in interest of parties to a lease of real property. Appellants ("Bazlen")[1] succeeded in interest to the owners/lessors of the real property. Respondent McCandless International Trucks, Inc., ("McCandless") was assigned the lessee's interest.

The initial term of the lease was fifteen years with two five-year renewal options. McCandless exercised the first renewal option. The lease contained a purchase option, which read in part:

> Lessee shall have the option of purchasing the within described premises *free and clear of all encumbrances* at the end of the initial term of this lease or during or [sic] the end of the first extension term thereof but not thereafter at a price of an amount determined by MAI appraiser [sic]. The "MAI appraisal price" shall be determined by three MAI appraisers, appointed 90 days prior to the end of the initial term, or if the option is to be exercised at the end of the first option term, 90 days prior to the end of said option term. Lessor and Lessee shall each appoint one appraiser and they shall select the third.

(Emphasis added.) Prior to the end of the first renewal period, McCandless gave notice that it desired to exercise the purchase option.

The parties disputed how the property should be valued. McCandless contended that the property should be valued as if encumbered by the second five-year renewal term; whereas, Bazlen contended that the property should be valued free and clear of all encumbrances.

McCandless sued for a declaration of the rights and duties of the parties under the lease. The parties stipulated that the value of the property is $2,725,000 unencumbered and $2,200,000 encumbered.

The district court found that the purchase option provision of the lease was ambiguous.[2] The district court therefore applied a presumption that the property should be valued as encumbered:

> Where a lease contains ambiguous language or is silent on the issue of the inclusion or exclusion of the value of the

---

[1]Bazlen points out that there is no such entity as Marcelyn Bazelin Trust and that their names are properly spelled "Marcelynn Bazlen" and "Marilynn Kelley."

[2]The district court noted that the parties had agreed not to present evidence as to the original intent of the parties because the persons who drafted the lease were either deceased or otherwise unavailable.

leasehold in determining a purchase price for the property, then a presumption exists in favor of the lessee that a merger of the estates was not intended and the property should be valu[ated] as encumbered by the lease. This presumption can be overcome by extrinsic evidence indicating a different intent by the parties.

Because no extrinsic evidence was presented to rebut the presumption, the court ordered that the purchase price be determined by appraising the property as encumbered by the remaining five-year renewal period. Thus the district court declared that the purchase option price was $2,200,000.

## Discussion

When a trial court interprets a contract by looking solely to the written terms, this court may apply a plenary review of the contract. Great American Airways v. Airport Authority, 103 Nev. 427, 429, 743 P.2d 628, 629 (1987).

The district court found that the purchase option is ambiguous because the phrase "free and clear of all liens and encumbrances" is capable of two interpretations. It could mean that the purchase price is to be based on a fee simple estate, without considering the leasehold encumbrance. Alternatively, the phrase could mean that the lessor has an obligation to convey the property to the lessee free and clear of all encumbrances other than the leasehold. In other words, if the lessor had created any encumbrances other than the leasehold, such as mortgages, the lessor had to clear those encumbrances prior to conveying the property to the lessee.

Finding the purchase option ambiguous, the district court applied a presumption that the leasehold estate did not merge into the fee simple estate upon the exercise of the option to purchase and that, consequently, the property was to be valued as encumbered.

We conclude that the district court erred in finding that the purchase option is ambiguous. In Lassiter v. Kaufman, 581 So.2d 147 (Fla. 1991), the lessee entered a fifty-year lease with the lessor, and the lessee was given the option to purchase the property at the end of the tenth year. *Id.* at 147. The Florida Supreme Court concluded that the option to purchase the "fee title" was unambiguous: the lessee had the right to purchase the property as unencumbered by the lease. *Id.* at 149. Accordingly, the property was valued as unencumbered. *Id.*

Likewise, in Palm Pavilion of Clearwater, Inc. v. Thompson,

458 So.2d 893 (Fla.Dist.Ct.App. 1984), the lessee's option to purchase the "above-mentioned real property" if the lessor died prior to termination of the lease was unambiguous. *Id.* at 893. The court noted that the term "property" was not restricted by qualifying words, such as, "the landlord's interest in the property" or the "fee as burdened by the lease." *Id.* Hence, the property was valued at the fair market value as unencumbered. *Id.*

Here, the purchase option is clear and unambiguous. McCandless had the right to purchase the entire fee simple estate free and clear of encumbrances. During the first renewal period, McCandless had the right to either exercise the option to purchase the "within described premises free and clear and all encumbrances" or to renew the lease for another five years; McCandless could not do both. McCandless exercised its right to purchase the property. The property should therefore have been valued as unencumbered.

Because the option is unambiguous, we conclude that it is unnecessary to address the applicability of the presumption against merger of estate.

Accordingly, we reverse the judgment and remand this matter with directions that the district court enter a judgment wherein the purchase price is valuated as unencumbered.