SHEPHERD, J.,
dissenting.
I respectfully dissent.
The majority opinion presents a conundrum. It first concludes, correctly in my view, that Spiagga Ocean Condominium Association’s statutory lien, afforded by section 718.116(5)(a), Florida Statutes (2008), “survives the foreclosure.” Maj. Op. at 5; see also Lassiter v. Kaufman, 581 So.2d 147, 148 (Fla.1991); Contos v. Lipsky, 433 So.2d 1242, 1245-46 (Fla. 3d DCA 1983). It then invokes subsection (l)(a) of the same statute, stating that “the prior owner,” which it interprets to be the Association, “is jointly and severally liable with the current owner for all past due assessments up to the time of the transfer of title” to the Association. The opinion begs the question: what happens to the lien? I gather the majority would respond that it is forever suspended. However, there exists a way to give meaning to both the statutory lien in subsection 5(a) and the statutory language of subsection (l)(a).
The way begins with the application of the familiar rule that, wherever possible, construction of any law or constitutional provision is favored which gives effect to every clause and every part thereof. Burnsed v. Seaboard Coastline R.R. Co., 290 So.2d 13, 16 (Fla.1974) (constitutional provisions); Goode v. State, 50 Fla. 45, 45, 39 So. 461, 463 (1905) (statutes). A corollary to this rule, of course, is that a construction that would leave without effect part of the language used should be rejected if possible. See State v. M.M., 407 So.2d 987, 990 (Fla. 4th DCA 1981).
Applying these rules to the case before us, it is apparent the fundamental purpose of the Legislature in promulgating section 718.116 was to assist condominium associations to be made whole in the collection of past due assessments, while at the same time not unduly impairing the value of collateral held by first mortgagees. In furtherance of this design, the Legislature has given condominium associations a statutory lien on each condominium unit over which it has jurisdiction, to secure payment of assessments without the necessity of filing a claim of lien in the public records, with the single exception of first mortgagees, where record notice is required. § 718.116(5)(a).
Thus, under the legislative scheme, third-party purchasers of condominium units, like Aventura Management, LLC, are subject to old-fashioned caveat emptor principles. Their protection lies in satisfying themselves before purchase, whether by contract or judicial sale, of the status of past-due assessments on the unit. To this end, section 718.116(8)(a), Florida Statutes (2008), obligates a condominium association, upon written request, to provide a statement to “a unit owner or his or her designee” of all assessments and other *641 moneys owed to the Association by the unit owner with respect to the parcel.
Aventura Management, LLC and the majority focus almost exclusively on subsection (l)(a) of section 718.116 of the statute. However, statutory interpretation is a holistic endeavor. I find no incongruity or inconsistency in the notion of joint and several liability between Aventura Management, LLC and the condominium association[6] and execution by the Association on its admittedly existing statutory lien right. The former sounds in law; the latter is an equitable action. Section 718.116 expressly authorizes the condominium association to proceed in the alternative as befits its interests. See § 718.116(6)(a), Fla. Stat. (2008) (“The association may bring an action in its name to foreclose a lien for assessments in the manner a mortgage of real property is foreclosed and may also bring an action to recover a money judgment for unpaid assessments without waiving any claim of hen.”) (emphasis added). Cf. Royal Palm Corp. Ctr. Ass’n v. PNC Bank, NA, 89 So.3d 923, 929 (Fla. 4th DCA 2012) (explaining that under the traditional common law, upon a default by the mortgagor, a mortgagee “may sue either on the note or foreclose on the mortgage, and may pursue all remedies “at the same time or consequently”).
The order of the trial court finds the Association’s hen survives the foreclosure and sale by the first mortgagee. It also finds the acquisition of title by Spiagga Ocean Condominium Association, Inc. does not operate to reheve Aventura Management, LLC of its liability for unpaid assessments prior to the time it took title to the unit. The statute could be clearer. However, based upon my study, I believe the decision of the trial court most accurately reflects the intention of the legislature as expressed by the statute. I would affirm the decision of the trial court.

. Indeed, I think it quite possible, but not necessary, for me to parse here, that the Legislature might well have meant the phrase "the previous owner” in section 718.116(l)(a) to include any previous owner. The weight placed by the majority on the definite article might well be greater than it legally can bear.