DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BOCA RATON COMMUNITY REDEVELOPMENT AGENCY,**
Appellant,

v.

**CROCKER DOWNTOWN DEVELOPMENT ASSOCIATES,**
Appellee.

No. 4D21-873

[February 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 50-2018-CA-014900-XXXX-MB.

Jamie A. Cole and Laura K. Wendell of Weiss Serota Helfman Cole & Bierman, P.L., Fort Lauderdale, for appellant.

Paul S. Figg, Mitchell W. Berger and Michael J. Higer of Berger Singerman LLP, Fort Lauderdale, for appellee.

DAMOORGIAN, J.

The instant appeal arises out of a declaratory relief action filed by Crocker Downtown Development Associates ("the Developer") regarding the meaning of a fair market value instruction contained within a lease's purchase option. Specifically, the Developer sought a declaration regarding whether the fair market value of the property should be calculated as encumbered by the lease. Relying on the holding in *Taylor v. Fusco Management Co.*, 593 So. 2d 1045 (Fla. 1992), the trial court concluded that, for purposes of determining the fair market value, the property was to be valued as encumbered by the lease. The Boca Raton Community Redevelopment Agency ("the CRA") now appeals that ruling and raises several issues on appeal. We affirm on all issues and write only to address the CRA's argument that the trial court misapplied the holding in *Taylor*.

In 1990, the CRA and the Developer entered into a ninety-nine-year lease agreement. Pursuant to the lease, the Developer built a shopping center known as Mizner Park. Under the lease, the Developer paid both

fixed and net operating income rent. The lease established a fixed rent schedule that increased over time. Fixed rent was $280,000 for the second through twenty-ninth year of the lease, thereafter the fixed rent increased to $910,000 annually.

Section 31.1 of the lease provided the Developer an option to purchase the leased property for $9,100,000 or for the "Fair Market Value (as hereinafter defined) of the Premises as of the date such option is exercised," whichever was greater. Section 31.2 of the lease, in turn, set forth the process for exercising the purchase option, the method of choosing appraisers, and the means of determining the fair market value of the property. The last sentence of Section 31.2 also included the following at-issue instruction for determining the property's fair market value:

> In connection with the determination of Fair Market Value by each appraiser or appraisers, the Fixed Rent for the balance of the Lease Term shall be deemed to be $910,000, notwithstanding the fact that actual Fixed Rent may be less than that amount until the thirtieth (30th) Lease Year.

The Developer filed a declaratory action seeking interpretation of the last sentence of Section 31.2 and a determination as to whether the property should be valued as encumbered or unencumbered by the lease. Relying on *Taylor*, wherein our supreme court held that the fair market value of leased property should be computed as unencumbered by the lease in the absence of specific language to the contrary, the trial court determined "the last sentence of section 31.2 satisfies *Taylor*, because it provides clear direction to the appraiser(s) as to how to 'compute' Fair Market Value which is contrary to valuing the premises unencumbered by the Lease."

On appeal, the CRA contends the trial court misapplied *Taylor* because the last sentence in Section 31.2 does not contain specific, clear, or unambiguous language demonstrating the parties' intent to value the property as encumbered by the lease. In support of its position, the CRA points to the absence of language in Section 31.2 restricting or narrowing the words "Fair Market Value of the Premises" with any qualifying words, such as "burdened by," "encumbered by," or "subject to" the lease.

Both parties agree that *Taylor* controls this dispute. In *Taylor*, our supreme court considered "[w]hether the fair market value of leased property at the time a lessee exercises an option to purchase the property is the value of the fee simple estate unencumbered by the lease or the

2

value of the fee estate encumbered by the lease." 593 So. 2d at 1046. The court answered the certified question as follows:

> [I]n the absence of specific language to the contrary in the lease, we hold that the market value of leased property at the time a lessee exercises an option to purchase the property should be computed as if the property were unencumbered by the lease. Any intent to value the property otherwise should be clearly stated in the lease.

*Id.* at 1047. The court explained that it adopted this bright-line rule "to avoid a contract-by-contract analysis of the language used to describe the interest which is subject to a purchase option." *Id.* at 1046–47. Notably, although *Taylor* requires "specific language" to show the parties' intent to value leased property as encumbered by the lease, the court did not dictate any exact or precise verbiage that must be used to satisfy this requirement. *See id.*

In the present case, although Section 31.2 does not include the words "burdened by" or "encumbered by," it does set forth specific language instructing the appraisers to use the CRA's fixed rental revenue in calculating the fair market value of the property. This instruction, particularly the phrase "for the balance of the Lease term," shows a clear intent to value the property as encumbered by the lease. Indeed, there is no reasonable alternative explanation for including the last sentence of Section 31.2 in the lease other than to express the parties' intent to value the property as encumbered by the lease. *See Universal Prop. & Cas. Ins. Co. v. Johnson,* 114 So. 3d 1031, 1036 (Fla. 1st DCA 2013) ("[A] contract will not be interpreted in such a way as to render a provision meaningless when there is a reasonable interpretation that does not do so."); *see also Hahamovitch v. Hahamovitch,* 174 So. 3d 983, 986 (Fla. 2015) ("Where a contract is clear and unambiguous, it must be enforced pursuant to its plain language.").

For the foregoing reasons, we agree with the trial court that the property should be valued as encumbered by the lease and affirm the final summary judgment entered in favor of the Developer.

*Affirmed.*

FORST and KLINGENSMITH, JJ., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*