WEBSTER, J.
Appellants commenced an action in Leon County circuit court pursuant to section 72.011, Florida Statutes (2003), challenging the denial by the Department of Revenue of their application seeking refunds of state corporate income taxes paid for the years 1996 through 1999. Among other things, they alleged that Florida Administrative Code Rule 12C-1.013(14)(j), upon which the Department relied for its denial of the requested refunds, constituted “an invalid exercise of delegated legislative authority” in violation of the Florida Administrative Procedure Act (ch. 120, Fla. Stat.) because the rule “enlarge[d], modifie[d], or contravenefd] the specific provisions of law [purportedly] implemented” by the rule. They now seek review of a final order ultimately entered by the trial court which, among other things, concluded that “[r]ule 12C-1.013(14)(j) is a valid exercise of delegated legislative authority, and has not impermissibly enlarged, modified, or contravened that grant of authority” and, accordingly, granted the *569 Department’s motion for summary judgment and denied appellants’. Because we conclude that rule 120-1.013(14)0’) does enlarge, modify or contravene the statutes it purports to implement and that, therefore, it constitutes an invalid exercise of delegated legislative authority, we reverse, and remand with directions that the trial court vacate the summary final judgment entered in favor of the Department and enter a summary final judgment in favor of appellants.
I.
The pertinent facts are not in dispute. Appellant Golden West and its subsidiaries (the remaining appellants) qualified as an affiliated group of corporations for purposes of the federal Internal Revenue Code and, accordingly, filed federal consolidated income tax returns for the years 1989 through 1999. During the same period, some of the affiliated corporations operated within the State of Florida and, therefore, had a nexus with the state for purposes of the Florida tax code (ch. 220, Fla. Stat.). Some of the Florida nexus corporations sustained net operating losses, and some had taxable income. From 1989 through 1992, each of the Florida nexus corporations filed a separate Florida income tax return. During that same period, affiliated corporations having no nexus with Florida did not file a Florida income tax return. From 1993 through 1999, appellants filed Florida consolidated tax returns for the affiliated group, pursuant to section 220.131, Florida Statutes, although not all of the corporations were Florida nexus corporations.
In 2000, appellants filed refund claims in the form of amended consolidated Florida income tax returns for the years 1996, 1997, 1998 and 1999. The refunds claimed for those four years totaled $2,923,378. The claimed refunds were generated by appellants having netted and carried forward net operating losses from the separate Florida returns filed earlier by nexus members of the affiliated group, and then applying those net operating losses against the group’s consolidated Florida income for the tax years 1996 through 1999, as generally contemplated by section 220.13(1)(b)1a, Florida Statutes, which provides that “[tjhere shall be subtracted from ... taxable income ... [tjhe net operating loss deduction allowable for federal income tax purposes under s. 172 of the Internal Revenue Code for the taxable year.” All of the net operating losses in question had been allowed for federal income tax purposes by the Internal Revenue Service. Nevertheless, the Department disallowed the net operating losses, and denied the refund requests, based exclusively on rule 12C-1.013(14)(j), which is known as the Florida “Separate Return Limitation Year” (SRLY) Rule.
Following the denial of the refund requests, appellants filed their action in circuit court, challenging the denial on the grounds that the Florida SRLY rule was invalid because it (1) enlarged, modified and contravened the statutes it was intended to implement; (2) was “inequitable and unjust” and, therefore, violated section 220.51(3), Florida Statutes, which requires that “[rjegulations relating to consolidated reporting for affiliated groups of corporations ... provide for an equitable and just administration of th[e] [Florida tax] code with respect to multicorporate taxpayers”; and (3) violated the Commerce Clause (art. I, § 8, cl. 3) of the United States Constitution. Eventually, appellants and the Department filed cross-motions for summary judgment. In granting the Department’s and denying appellants’, the trial court concluded that the rule (1) “is a valid exercise of delegated legislative authority, and has not im-permissibly enlarged, modified, or contra *570 vened that grant of authority”; (2) “does not violate the equal protection provisions of the state or federal constitutions, and does not deprive the taxpayers of due process, and has not been shown to violate [a]rticles III and IV of the Florida Constitution” (issues that were not raised by appellants); and (3) “is consistent with the [C]ommerce [C]lause of the United States Constitution, in that it does not discriminate against or burden interstate commerce.” This appeal follows. We have jurisdiction. See Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.030(b)(1)(A). Our standard of review is de novo. See Major League Baseball v. Morsani 790 So.2d 1071, 1074 (Fla.2001) (“The standard of review governing a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo”) (footnote omitted).
II.
A.
Our legislature has clearly stated that its “intent” in enacting chapter 220 of the Florida Statutes (the Florida corporate income tax code) was to “utilize, to the greatest extent possible, concepts of law which have been developed in connection with the income tax laws of the United States.” § 220.02(3), Fla. Stat. We have previously acknowledged this fact. See Dep’t of Revenue v. Am. Tel. & Tel. Co., 431 So.2d 1025, 1027 (Fla. 1st DCA 1983) (stating that the intent was to “enabl[e] Florida taxpayers to ‘piggyback’ on the provisions of the [Internal Revenue Code]”) (citing § 220.02(3), Fla. Stat. (Supp.1972), and Arthur J. England, Corporate Income Taxation in Florida: Background, Scope, and Analysis, Symposium, Fla. St. L.Rev. 4, 10 (1972)). This approach of “piggybacking” on federal tax code provisions is evident in two provisions of the Florida tax code that apply to appellants’ situation. Section 220.131(4) reads:
The computation of consolidated taxable income for the members of an affiliated group of corporations subject to tax hereunder shall be made in the same manner and under the same procedures, including all intercompany adjustments and eliminations, as are required for consolidating the incomes of affiliated corporations for the taxable year for federal income tax purposes in accordance with s. 1502 of the Internal Revenue Code, and the amount shown as consolidated taxable income shall be the amount subject to tax under this code.
Section 220.13(1)(b)1 states that “[t]he net operating loss deduction allowable for federal income tax purposes under s. 172 of the Internal Revenue Code for the taxable year” is to be “subtracted from ... taxable income,” and that “all deductions attributable to such losses shall be deemed net operating loss carryovers ... and treated in the same manner, to the same extent, and for the same time periods as are prescribed for such carryovers in s[ ]. 172 ... of the Internal Revenue Code.” Both of these statutory provisions are listed as specific provisions of law that the Florida SRLY rule was intended to implement.
As noted above, it is undisputed that, pursuant to the federal tax code, appellants were entitled to use all of the net operating losses at issue. This is because the federal SRLY rule permits an affiliated group filing a consolidated federal income tax return to deduct from its gross income the net operating losses that one or more of its members sustained during a year in which those members filed separate tax returns, provided that those members were part of the affiliated group for every day of the separate return limitation year during which the losses arose. See 26 C.F.R. §§ 1.1502-1, 1.1502-21(c). It is *571 likewise undisputed that appellants are prohibited from doing so on their consolidated Florida income tax return by the Florida SRLY rule (Fla. Admin. Code R. 12C-1.013(14)(j)), which provides that a federal affiliated group may not deduct a net operating loss carryover sustained in “a prior taxable year for which a Florida consolidated return was not filed and Florida corporate income tax returns were not filed for all members” of the group. We must decide whether the Florida SRLY rule is “an invalid exercise of delegated legislative authority” prohibited by section 120.52(8)(c), Florida Statutes, because it “enlarges, modifies, or contravenes the specific provisions of law implemented.”
B.
Section 120.52(8) tells us that
[a] grant of rulemaking authority is necessary but not sufficient to allow an agency to adopt a rule; a specific law to be implemented is also required. An agency may adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute. No agency shall have authority to adopt a rule only because it is reasonably related to the purpose of the enabling legislation and is not arbitrary and capricious or is within the agency’s class of powers and duties, nor shall an agency have the authority to implement statutory provisions setting forth general legislative intent or policy. Statutory language granting rulemaking authority or generally describing the powers and functions of an agency shall be construed to extend no further than implementing or interpreting the specific powers and duties conferred by the same statute.
As we have previously said, this language was intended to restrict agency rulemak-ing. State, Bd. of Trustees of the Internal Improvement Trust Fund v. Day Cruise Ass’n, 794 So.2d 696, 699 (Fla. 1st DCA 2001).
With these principles in mind, it seems to us relatively clear that the Florida SRLY rule is “an invalid exercise of delegated legislative authority” because it “enlarges, modifies, or contravenes the specific provisions of law [purportedly] implemented” in violation of- section 120.52(8)(c), Florida Statutes. As noted above, two of the specific provisions of law identified as intended to be implemented by the Florida SRLY rule are sections 220.131(4) and 220.13(1)(b)1, Florida Statutes. The former states that
[t]he computation of consolidated taxable income for the members of an affiliated group of corporations subject to tax hereunder shall be made in the same manner and under the same procedures, including all intercompany adjustments and eliminations, as are required for consolidating the incomes of affiliated corporations for the taxable year for federal income tax purposes in accordance with s. 1502 of the Internal Revenue Code, and the amount shown as consolidated taxable income shall be the amount subject to tax under this code;
and the latter states that “[t]he net operating loss deduction allowable for federal income tax purposes under s. 172 of the Internal Revenue Code for the taxable year” is to be “subtracted from ... taxable income,” and that “all deductions attributable to such losses shall be deemed net operating loss carryovers ... and treated in the same manner, to the same extent, and for the same time periods as are prescribed for such carryovers in s[ ]. 172 ... of the Internal Revenue Code.” Notwithstanding these two explicit statutory provisions, the Florida SRLY rule prevents “[t]he computation of consolidated taxable income for the members of an affiliated group of corporations ... in the same manner and under the same procedures *572 ... as are required for consolidating the incomes of affiliated corporations for the taxable year for federal income tax purposes in accordance with s. 1502 of the Internal Revenue Code” in situations such as that presented by the facts of this case. The Florida SRLY rule also prevents net operating loss carryovers from being “treated in the same manner, to the same extent, and for the same time periods as are prescribed for such carryovers in s[ ]. 172 ... of the Internal Revenue Code” in such situations. For these reasons, we conclude that the rule (Fla. Admin. Code R. 12C-1.013(14)(j)) impermissibly “enlarges, modifies, or contravenes the specific provisions” of those two statutes and, therefore, “is an invalid exercise of delegated legislative authority” prohibited by section 120.52(8)(c), Florida Statutes.
III.
We reverse the summary final judgment entered in favor of the Department. On remand, the trial court shall vacate that judgment, and then enter a summary final judgment consistent with this opinion in favor of appellants.
REVERSED and REMANDED, with directions.
KAHN and ROBERTS, JJ., concur.