CORTINAS, J.
Aventura Management, LLC (Appellant) seeks review of a final order granting summary judgment to Spiaggia Ocean Condominium Association, Inc. (Appellee). We reverse.
In July 2008, Appellee initiated lien foreclosure proceedings against the owner of unit # 402 (the Unit) in the Spiaggia Ocean Condominium located at 9499 Collins Avenue in Surfside. In July of 2009, Appellee obtained a default final judgment of foreclosure and a foreclosure sale was scheduled for December 17, 2009. In September 2009, the holder of the first mortgage on the Unit, the Bank of New York (the Bank), initiated foreclosure proceedings against the owner and named Appel-lee as a defendant.
*638 The first mortgage far exceeded the value of the Unit. At auction, Appellee placed the sole bid and took title subject to the first mortgage held by the Bank. Appellee then proceeded to rent the Unit. The Bank subsequently obtained a final judgment of foreclosure, and a second foreclosure sale was scheduled on September 30, 2010. Appellant was the successful bidder and obtained title to the Unit, at which point Appellee relinquished its ownership interest.
After Appellant had acquired the Unit, Appellee attempted to recover from Appellant the past due assessments, late fees, and interest that had accrued since the original owner defaulted.[1] Appellee maintained that, as third party purchaser, Appellant was liable under section 718.116(l)(a), Florida Statutes (2009) (the Statute), which provides in pertinent part:
A unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner. Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title.
After receiving a demand for payment, Appellant claimed that it was not liable for the past due assessments. Rather, Appellant argued that as an intervening owner between the prior owner and Appellant, Appellee was responsible for the assessments owed by the previous owner. Appellant brought a declaratory judgment action seeking an interpretation of the Statute, arguing that it was liable only for assessments accruing after it took title to the Unit.[2] Both parties moved for summary judgment, and the trial court granted Appellee’s motion, ruling that Appel-lee’s lien did not merge with the certificate of title it was issued in connection with its foreclosure action, and that Appellant was obligated to pay all amounts owed on the Unit.[3] The trial court further held that Appellee was not jointly and severally liable to Appellant for any amounts. This appeal followed.
The Statute clearly provides that “a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title.” § 718.116(l)(a) (emphasis added). Appellee was the previous owner of the Unit. The plain language of the Statute does not state or suggest that an exception is to be made when the previous owner is the condominium association. Appellee raises three arguments against following the plain meaning of the Statute, none of which are persuasive.
First, Appellee argues that its lien did not merge with the certificate of title issued at the December 2009 foreclosure sale. Merger exists, according to Appel-lee, only where the parties demonstrate a clear intent for merger to take place. See Lassiter v. Kaufman, 581 So.2d 147, 148 (Fla.1991) (“[A]n intention that a transaction operate as merger is essential to a merger in equity.”); Contos v. Lipsky, 433 So.2d 1242, 1245 (Fla. 3d DCA 1983) (in the absence of a showing of express or implied intent, a court “must presume that *639 the lessee ... intended the result most beneficial to her, that is, no merger”). Lassiter and Contos, however, do not involve mortgage foreclosure actions. It is indisputable that a mortgage merges with a final judgment of foreclosure and is extinguished by the sale of the underlying property. See, e.g., One 79th St. Estates, Inc. v. Am. Inv. Servs., 47 So.3d 886, 889 (Fla. 3d DCA 2010) (“When a mortgage is foreclosed, the mortgage is ‘merged’ into the final judgment and loses its separate identity.”); Nack Holdings, LLC v. Kalb, 13 So.3d 92, 94 n. 2 (Fla. 3d DCA 2009) (“The mortgage is merged into the judgment, is thereby extinguished, and ‘loses its identity.” ’) (citation omitted). Appellee is correct that the hen survives the foreclosure; merger of the lien with the final judgment is incompatible with the liabilities established by the Statute. However, while the Statute clearly indicates that the hen survives a foreclosure, it just as clearly indicates that the prior owner is jointly and severally liable with the current owner for all past due assessments up to the time of the transfer of title.
Appellee also argues that an exception should be read into the Statute when the condominium association itself is an owner, to avoid an otherwise absurd result. The Statute is one portion of a general framework, according to Appellee, designed to provide condominium associations with a mechanism for the preservation of their rights with regard to fee assessments. To that end, section 718.116(5)(a) provides “[t]he association has a hen on each condominium parcel to secure the payments of assessments.” § 718.116(5)(a), Fla. Stat. (2009). Similarly, section 718.116(6)(a) states, in pertinent part, “[t]he association may bring an action in its name to foreclose a hen for assessments in the manner a mortgage of real property is foreclosed and may also bring an action to recover a money judgment for unpaid assessments without waiving any claim of hen.” § 718.116(6)(a), Fla. Stat. (2009). The Association posits that the sole purpose of this statutory scheme is to provide condominium associations with the means by which they can protect their interests, and that it would be absurd to apply the Statute in such a way as to deprive a condominium association of its right to collect past due assessments.
This argument fails. The Statute provides a remedy for condominium associations faced with owners in default, establishing the class of persons from whom a condominium association may demand relief for past due assessments. That class includes current owners and prior owners. However, the Statute nowhere requires a condominium association to position itself as the current or prior owner. That outcome is the result of external market forces, namely that condominium associations may find, as Appellee did, that no one is willing to bid on a foreclosed unit at a foreclosure sale.[4]
Finally, Appellee argues that Appellant was on notice of the amounts owed on the Unit, for which it would be held liable. When Appellant purchased the Unit, it had access to the Declaration of Condominium of Spiaggia Ocean Condominium, Appel-lee’s claim of lien, Appellee’s lis pendens, and Appellee’s default final judgment of *640 foreclosure against the original owner.[5] This argument, too, fails. Nothing in the record demonstrates that Appellant was unambiguously informed by Appellee that liability for past due assessments would be borne entirely by Appellant and the original defaulting owner, and that Appellant would not have recourse to the statutorily established joint and several liability.
Reversed.
SCHWARTZ, Senior Judge, concurs.

. Additionally, Appellee demanded reasonable attorneys’ fees and costs incurred by Appellee in its attempts to collect the past due assessments.

. In its complaint, Appellant also sought unjust enrichment and statutory damages.

.Appellant was found liable for all amounts owed as of the date it was issued the certificate of title, including amounts accruing while Appellee held title, less all amounts received by Appellee through rents or other mitigation efforts.

. We note, however, that nothing in the Statute precludes entities, such as appellee, from attempting to collect unpaid assessments from the prior owner from whom it purchased the Unit, subject of course to any applicable statute of limitations. § 718.116(l)(a), Fla. Stat. (2009). Joint and several liability for unpaid assessments between the current and prior owner is established by the Statute "at the time of transfer of title,” and it is not extinguished by subsequent transfers of title.

. The portion of the Declaration of Condominium cited by Appellee contains identical language to section 718.116(6)(a), stating, in pertinent part, “The association may bring an action in its name to foreclose a lien for assessments in the manner a mortgage of real property is foreclosed and may also bring an action to recover a money judgment for unpaid assessments without waiving any claim of lien.”