FERNANDEZ, J.
Park West Professional Center Condominium Association, Inc. appeals the trial court’s Final Order and order denying Park West’s motion for rehearing, which determined the priorities with respect to assessments due between Park West and appellee John Londono, a third-party purchaser at a foreclosure sale. On the authority of Aventura Management, LLC v. Spiaggia Ocean Condominium Association, Inc., 105 So.3d 637 (Fla. 3d DCA 2013) and Barnes v. Castle Beach Club Condominium Association, Inc., 106 So.3d 86 (Fla. 3d DCA 2013), we reverse.
This case arose from two separate actions, a mortgage foreclosure brought by Bank of America, N.A. against Florida Title Professionals, Inc., the former owner of the two condominium units at issue, and a foreclosure action brought by Park West against Florida Title. Bank of America was first to initiate the mortgage foreclosure action, to which Park West was eventually joined as a defendant. On September 19, 2011, while Bank of America’s action .was pending, Park West filed its own foreclosure action against Florida Title based on an assessment lien. Park West’s action concluded first, with Park West taking title to the subject property in January, 2012. Subsequently, Bank of America’s mortgage foreclosure action concluded, and Londono took title to the property on April 18, 2012.
On July 17, 2012, Londono filed a motion for determination of priority with the trial court. Londono urged the trial court, as he urges here, that his responsibility for unpaid assessments relates back to the time that he took title to the property and no further. Park West, on the other hand, argues that Londono has joint and several liability with Park West for any unpaid assessments, and because Park West is deemed to have joint and several liability for unpaid assessments with Florida Title, then Londono’s responsibility for unpaid assessments relates back to those that were owed by Florida Title.
Park West and Londono rely on the holding in Spiaggia, supra, in support of their respective positions. Both are incorrect in their interpretation of Spiaggia. The Spiaggia court held that “the prior owner is jointly and severally liable with the current owner for all past due assessments up to the time of transfer of title.” Spiaggia, 105 So.3d at 639. On the facts of this case, this means that Park West is jointly and severally responsible with Florida Title back to the time when title to the subject property was transferred to Florida Title, and Londono is responsible for unpaid assessments back to the time when Park West took title to the subject property-
Reversed and remanded.