ROTHENBERG, J.
This case returns to us on precisely the same issue decided one year ago in Aventura Management, LLC v. Spiaggia Ocean Condominium Ass’n, 105 So.3d 637 (Fla.3d DCA 2013) (hereinafter referred to as “Spiaggia I ”). Despite the excellent oral argument by Benjamin Solomon before this Court, the trial court misinterpreted the majority opinion in Spiaggia I, so we again reverse and instruct the trial court to enter judgment in favor of Aventura Management. We write specifically to provide clarity to our holding in Spiaggia I.
The facts of this case are becoming all too familiar, as the housing market’s dip and subsequent rebound have spurred a bevy of factually similar litigation. Spiag-gia Ocean Condominium Association, Inc. (“Spiaggia” or “the Association”) is the condominium association that manages the condominium unit (“the Unit”) that is the subject of this litigation. The Unit was purchased by an individual (“the original owner”) who obtained a loan from the Bank of New York (“the Bank”) with a promissory note secured by a mortgage on the Unit. Additionally, the original owner was responsible for all assessments charged by the Association for the upkeep and maintenance of the condominium.
Shortly after purchasing the Unit, the original owner became delinquent on both his condominium association assessments and mortgage payments. This delinquency gave both the Association and the Bank the right to foreclose on the property— with the Bank’s superior rights stemming from the note and mortgage, and the Association’s secondary rights statutorily provided in section 718.116, Florida Statutes (2009). Spiaggia initiated a foreclosure action against the original owner for unpaid assessments, received a default final judgment of foreclosure in July 2009, and scheduled a foreclosure sale for December 2009. In September 2009, • prior to the scheduled foreclosure sale, the Bank initiated foreclosure proceedings against the original owner and named Spiaggia as a defendant.
*692 Spiaggia placed the sole bid at its foreclosure sale and took title to the Unit subject to the first mortgage held by the Bank. Following the foreclosure sale, Spiaggia, as the Unit’s new owner, rented the Unit to a third party and collected rent from that tenant for the full period in which it held title to the Unit. The proceeds from the rent payments were used to pay off the assessment fees as they became due. Subsequently, the Bank obtained a final judgment of foreclosure and held its own foreclosure sale of the Unit. Aventura Management, LLC (“Aventura Management” or “the Appellant”) purchased the Unit at the Bank’s foreclosure sale in September 2010.
After Aventura Management acquired the Unit, Spiaggia attempted to recover from Aventura Management the past-due assessments, late fees, and interest that had accrued dating back to the original owner’s default. Spiaggia argued that Aventura Management was liable under section 718.116(l)(a), which provides in pertinent part:
A unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner. Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title,
(emphasis added). The trial court interpreted section 718.116- as providing that Aventura Management, as the current owner, was jointly and severally liable with the original owner, but not with Spiaggia, for the past-due assessments and ordered Aventura Management to pay the full amount of the unpaid assessments.
On appeal, this Court reversed the trial court’s order in a split decision that included a vigorous dissent from Judge Shepherd. The majority opinion found that Spiaggia’s lien against the original owner survived its foreclosure action and that Spiaggia was not exempted from the statutory definition of “unit owner” by mere virtue of its duality as the creditor-association and debtor-owner. The majority opinion in Spiaggia I, however, is somewhat ambiguous as to whether Aventura Management, the current owner, is jointly and severally liable for the full amount of past-due assessments along with both the original owner and Spiaggia, or whether Aventura Management could only be held liable for any unpaid assessments of the immediate-prior owner (Spiaggia), meaning that it could not be held liable for the unpaid assessments of the original owner.
After this Court’s reversal, the trial court entered an order ruling that all three parties were jointly and severally liable for the unpaid assessments, but that Spiaggia as the creditor could collect in full from any of the three parties it chose. The trial court ruled that Aventura Management was required to pay the full amount of unpaid assessments and that its only remedy was to seek contribution from the prior owners: Spiaggia and the original owner.
A full reading of the majority opinion and the dissent in Spiaggia I, along with subsequent cases from this Court interpreting the opinion, reflects that Spiaggia I held Aventura Management could only be held liable for the unpaid assessments of the immediate-prior owner, Spiaggia. While the majority could have been clearer that Aventura Management bore no liability, it specifically emphasized the singular definite article “the” in the statute, Spiag-gia I, 105 So.3d at 638, and noted that Spiaggia would have available to it the remedy of pursuing its lien against the original owner. Id. at 639 n. 4.
*693 Additionally, a recent decision from this Court has provided clarity to this issue. In Park West Professional Center Condominium, Ass’n v. Londono, 130 So.3d 711, 712 (Fla. 3d DCA 2013), on similar facts and with the parties disputing the interpretation of Spiaggia I ’s majority opinion, this Court stated:
Both [parties] are incorrect in their interpretation of Spiaggia. The Spiaggia court held that “the prior owner is jointly and severally liable with the current owner for all past due assessments up to the time of transfer of title.” On the facts of this case, this means that [the condominium association] is jointly and severally responsible with [the original owner] back to the time when title to the subject property was transferred to [the original owner], and [the final purchaser] is responsible for unpaid assessments back to the time when [the condominium association] took title to the subject property.
Applying the same reasoning of Park West to the facts of this case, Aventura Management could only be responsible for unpaid assessments dating back to when Spiaggia took title at its own foreclosure sale; it cannot be held liable for the unpaid assessments of the original owner. The trial court therefore erred in holding Aventura Management jointly and severally liable with the prior two owners. We note, just as in Spiaggia /, that Spiaggia is free to pursue a direct action against the original owner for the unpaid fees.
Reversed.