# Third District Court of Appeal

## State of Florida

Opinion filed June 1, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2154
Lower Tribunal No. 14-8877
_____

**Bona Vista Condominium Association, Inc., a Florida Non-Profit Corporation,**
Appellant,

vs.

**FNS6, LLC, a Florida limited liability company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Tripp Scott, and Jeffrey M. Fauer and Douglas H. Reynolds, (Fort Lauderdale), for appellant.

Feinstein Peters & Garcia, and Brett Feinstein, for appellee.


Before WELLS, SALTER and SCALES, JJ.

WELLS, Judge.

Bona Vista Condominium Association, Inc. appeals from a final declaratory judgment entered in favor of the plaintiff below, FNS6, LLC, wherein the court found that FNS6 did not owe Bona Vista for condominium assessments incurred while Bona Vista was the owner of the subject condominium unit. Agreeing with the trial court that FNS6 is entitled to recover from Bona Vista the amounts FNS6 has been asked to pay based on the parties' joint and several liability for unpaid assessments under the prior version of the statute at issue here, we affirm. See § 718.116(1)(a), Fla. Stat. (2013) (providing that "a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title" and that "[t]his liability is without prejudice to any right the owner may have to recover from the previous owner the amounts paid by the owner").

This case arose from two separate foreclosure actions involving the same condominium unit after the original owner, Guido Brito, failed to make payments on both the loan secured by a mortgage on this unit and condominium assessments. Bona Vista brought its action to foreclose its lien for unpaid assessments in June 2009, and after securing a final judgment purchased the unit at a foreclosure sale. Thereafter, Wells Fargo Bank, N.A sued to foreclose on the first mortgage, and after securing a final judgment in its favor sold the unit to FNS6 at a foreclosure sale.

2

After FNS6 took title, Bona Vista notified FNS6 that FNS6 was solely responsible for nearly $21,000 in unpaid assessments that came due while Bona Vista held title to the unit, that is, from July 29, 2011, when Bona Vista took title through February 13, 2014, when FNS6 took title.[1]  FNS6 then sought declaratory relief in the court below seeking a determination as to its obligations under section 718.116(1)(a) of the Florida Statutes (2013) to pay condominium assessments which came due during the period of time that Bona Vista held title to the condominium.[2]

Following a hearing on the matter, the court below determined that FNS6 did not "owe[] any condominium association assessments incurred through and including February 13, 2014, the time of its purchase of its condominium unit" because even though Bona Vista and FNS6 were "jointly and severally [liable]" for these assessments, FNS6's right to recover any amounts it paid to or on behalf of Bona Vista made FNS6's obligation "basically a wash."  We agree.

The 2013 version of section 718.116(1)(a) provides that while the current owner (here FNS6) and immediate-prior owner (here Bona Vista) are jointly and severally liable for unpaid assessments which came due while the immediate-prior

---

[1] There is no dispute that FNS6 is responsible for all assessments that came due after it took title.  And, Bona Vista agrees that FNS6 cannot be assessed for delinquent assessments that came due during Brito's ownership.

[2] FNS6 and Bona Vista agree that the 2013 version of section 718.116(1)(a) applies to this case.

owner (Bona Vista) owned or held title to the condominium unit at issue, the obligation to pay such assessments is without prejudice to the right of the current owner (FNS6) to recover the amounts it paid from the immediate-prior owner (Bona Vista):

> A unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner. Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title. This liability is without prejudice to any right the owner may have to recover from the previous owner the amounts paid by the owner.

§ 718.116(1)(a), Fla. Stat. (2013).

As this court's decisions in Aventura Management, LLC v. Spiaggia Ocean Condominium Ass'n, Inc., 105 So. 3d 637, 638-39 (Fla. 3d DCA 2013) (Spiaggia I), Aventura Management, LLC v. Spiaggia Ocean Condominium Ass'n, Inc., 149 So. 3d 690, 693 (Fla. 3d DCA 2014) (Spiaggia II), and Park West Professional Center Condominium Ass'n, Inc. v. Londono, 130 So. 3d 711, 712 (Fla. 3d DCA 2013) (quoting Spiaggia I, 149 So. 3d at 639) make clear, under the 2013 version of section 718.116(1)(a) which applies here: (1) a condominium association is a "unit owner" as that term is used in section 718.116(1)(a), even if that association has secured title or become an owner by foreclosing its own assessment lien[3]; (2) a

---

[3] In 2014, the Florida Legislature amended section 718.116(1)(a) so that "[f]or the purposes of this paragraph, the term 'previous owner' does not include an association that acquires title to a delinquent property through foreclosure or by

4

condominium association which has taken title through foreclosure, as a "unit owner" of a condominium unit, not only is responsible for those assessments which come due while it holds title, but also is jointly and severally responsible for unpaid assessments which came due when the "original owner" held title; and (3) a third party which takes title from the condominium association upon foreclosure of a superior lien is not responsible for unpaid assessments of the "original owner," but is both solely responsible for all assessments that become due during its ownership and jointly and severally liable with the condominium association for assessments that came due during the condominium association's ownership.

As applied here this means: (1) Bona Vista is jointly and severally liable with Brito (the original owner) for those unpaid assessments that came due while Brito held title; (2) Bona Vista (as the immediate-prior owner to FNS6) is jointly and severally liable with FNS6 for those assessments that came due during Bona Vista's ownership of the unit at issue; (3) FNS6 (the current owner) is not liable for any unpaid assessments which came due while Brito (the original owner) held title; (4) FNS6 is jointly and severally liable with Bona Vista (the immediate-prior owner to FNS6) for assessments which came due while Bona Vista held title; and (5) FNS6 is solely responsible for all assessments which have come due since it took title.

---

deed in lieu of foreclosure." Ch. 2014-114, § 10, Laws of Fla.

Thus, as section 718.116(1)(a) confirms, because Bona Vista and FNS6 are jointly and severally liable for the assessments that came due during Bona Vista's ownership, roughly $21,000, Bona Vista may well recover that sum from FNS6. However, this same provision also provides that FNS6 has the right to promptly seek to recover said amounts from Bona Vista.  See § 718.116(1)(a), Fla. Stat. (2013) ("This liability is without prejudice to any right the owner may have to recover from the previous owner the amounts paid by the owner.").  Thus, in short, we find that the trial court was correct in determining that FNS6 did not "owe[] any condominium association assessments incurred through and including February 13, 2014, the time of its purchase of its condominium unit" because "it's basically a wash."

Accordingly, the final declaratory judgment in FNS6's favor is affirmed.

Affirmed.