DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER E. CALENDAR,**
Appellant,

v.

**STONEBRIDGE GARDENS SECTION III CONDOMINIUM
ASSOCIATION, INC.,**
Appellee.

No. 4D16-3393

[December 13, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale Ross and Patti Englander Henning, Judges; L.T. Case No. 16-7369 CACE (08).

George Franjola of Gilligan, Gooding & Franjola, P.A., Ocala, for appellant.

Gregory R. Eisinger of Eisinger, Brown, Lewis, Frankel & Chaiet, P.A., Hollywood, for appellee.

CIKLIN, J.

Jennifer E. Calendar ("the homeowner") appeals an order disbursing surplus funds from a tax sale of her condominium unit to Stonebridge Gardens Section III Condominium Association, Inc. ("the association") based on its claim for unpaid assessments. She contends the trial court erred in ordering the funds to be distributed to the association where it did not record a claim of lien or obtain a final judgment. Because the association has a lien on the unit by virtue of section 718.116(5)(a), Florida Statute (2016), we disagree and affirm.

Condominiums are governed by chapter 718, Florida Statutes. Section 718.116 clearly states that an association has a lien on each parcel, and implies that a claim of lien against a unit owner for assessments becomes necessary only in cases where a mortgagee is also asserting a claim:

(5)(a) The association has a lien on each condominium parcel

to secure the payment of assessments. . . . [T]he lien is effective from and shall relate back to the recording of the original declaration of condominium . . . . However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the condominium parcel is located.

§ 718.116, Fla. Stat. Consequently, under section 718.116, where a declaration of condominium is recorded, such as in the instant case, recording a claim of lien is not an absolute prerequisite to the enforcement of a lien for unpaid assessments. *See also Bessemer v. Gersten*, 381 So. 2d 1344, 1348 (Fla. 1980) (holding that a valid contractual lien was created at the time the respondents accepted a property deed with actual or constructive notice of the lien provision of a recorded declaration of restrictions).

This interpretation of section 718.116(5)(a) is consistent with a dissenting opinion in a case involving a foreclosure sale, *Aventura Management., LLC v. Spiaggia Ocean Condominium Association*, 105 So. 3d 637, 640 (Fla. 3d DCA 2013). There, Judge Shepherd of the Third District dissented with respect to an issue unrelated to the instant matter, but his dissent sheds light on section 718.116. He indicated that a "statutory lien" is created by section 718.116(5)(a) and that a recorded claim of lien is not required under the section in most circumstances:

> The majority opinion . . . . first concludes, correctly in my view, that [the] Condominium Association's statutory lien, afforded by section 718.116(5)(a), Florida Statutes (2008), "survives the foreclosure." Maj. Op. at 5; *see also Lassiter v. Kaufman*, 581 So. 2d 147, 148 (Fla. 1991); *Contos v. Lipsky*, 433 So. 2d 1242, 1245-46 (Fla. 3d DCA 1983). . . .
>
> . . . .
>
> . . . [I]t is apparent the fundamental purpose of the Legislature in promulgating  section 718.116 was to assist condominium associations to be made whole in the collection of past due assessments, while at the same time not unduly impairing the value of collateral held by first mortgagees. In furtherance of this design, the Legislature has given condominium associations a statutory lien on each condominium unit over which it has jurisdiction, to secure payment of assessments without the necessity of filing a

2

claim of lien in the public records, with the single exception of first mortgagees, where record notice is required. § 718.116(5)(a).

*Id.* at 640.

We agree with this reasoning and we hold that the lien in favor of the association was created by the statute itself. Since there is no indication that a first mortgage was at issue in this case, the association was not required to file a claim to validate its lien.

*Affirmed.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3