# First District Court of Appeal
## State of Florida

_____

No. 1D18-1457

_____

Coastal Creek Condominium
Association, Inc.,

    Appellant,

    v.

FLA Trust Services LLC, as
Trustee; Unknown Tenant #1,
and Unknown Tenant #2,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

July 16, 2019

Lewis, J.

Appellant, Coastal Creek Condominium Association, Inc., appeals the trial court's final summary judgment in favor of Appellee, FLA Trust Services LLC, and raises three issues on appeal. We affirm without discussion as to the first and third issues. Appellant argues in the second issue that the trial court erred in interpreting section 718.116(1)(a), Florida Statutes (2017), to limit the present condominium owner's joint and several liability to assessments and related expenses that came due during the immediate prior owner's ownership. For the reasons that follow, we agree and reverse.

## BACKGROUND

Tracy Langley and Todd Levraea (the Original Owners) acquired ownership of Unit 142 of Coastal Creek Condominium, the property at issue, by way of a special warranty deed on July 25, 2007. Subsequently, JPMorgan Chase Bank, NA, as mortgagee, obtained a final judgment of foreclosure against the Original Owners, as mortgagors. At the ensuing judicial sale, Homes HQ, LLC (the previous/immediate prior owner) was the successful bidder and a certificate of title was issued to it on June 13, 2016. On July 26, 2016, Homes HQ granted the property by a quit claim deed to FLA Trust (the present owner). In December 2016, the Association recorded a claim of lien against the property.

In 2017, the Association filed against FLA Trust and Unknown Tenants #1 and #2 a verified complaint for lien foreclosure and damages. The Association alleged that it levied assessments against the property for common expenses during the ownership of FLA Trust and any former owners with whom FLA Trust is jointly and severally liable pursuant to section 718.116, Florida Statutes, and that FLA Trust has failed to pay assessments and related expenses that have come due since August 15, 2015. The Association sought to foreclose its claim of lien for delinquent assessments for FLA Trust's proportionate share of assessments and related expenses.

In its answer and affirmative defenses, FLA Trust admitted that assessments have come due during its ownership of the property, which are due and owing to the Association, but argued that the Association has demanded payment to which it is not entitled. Specifically, FLA Trust asserted that pursuant to section 718.116(1)(a), Florida Statutes, the present owner shares joint and several liability with only the previous owner and, therefore, FLA Trust's joint and several liability is limited to the assessments that came due during Homes HQ's ownership of the property from June 13, 2016, through July 26, 2016. FLA Trust also filed a counterclaim, in which it argued that upon acquiring ownership of the property, Homes HQ became jointly and severally liable with the Original Owners for all unpaid assessments that came due from July 25, 2007, through June 13, 2016; maintained that FLA Trust is not responsible for assessments that came due during the

2

Original Owners' ownership because section 718.116(1)(a) limits such liability to "the previous owner"; and sought a judgment declaring who is responsible for the assessments and related expenses incurred during the Original Owners' ownership.

The Association and FLA Trust filed competing motions for final summary judgment, disputing whether pursuant to section 718.116(1)(a) FLA Trust's joint and several liability is limited to assessments that came due during Homes HQ's ownership or also encompasses assessments that came due during the Original Owners' ownership. At the hearing on the parties' motions, the trial court explained that the disputed issue concerned the amount FLA Trust owed in assessments—all the prior unpaid assessments, as contended by the Association, or only the assessments that came due during its ownership and the immediate prior owner's ownership, as argued by FLA Trust—, and the parties agreed that the issue was dispositive. Much of the discussion at the hearing focused on the Third District's *Aventura Management, LLC v. Spiaggia Ocean Condominium Association, Inc.*, 105 So. 3d 637 (Fla. 3d DCA 2013), line of cases interpreting the 2013 version of the statute. The trial court ultimately interpreted section 718.116(1)(a) as limiting FLA Trust's joint and several liability to assessments that came due during the immediate prior owner's ownership. The court explained that it felt bound to follow the Third District's decisions interpreting the statute in that manner, and were it not for those decisions, it would interpret the statute such that Homes HQ's liability for unpaid assessments that came due during the Original Owners' ownership flowed to FLA Trust. Accordingly, the trial court entered a final summary judgment in favor of FLA Trust. This appeal followed.

## ANALYSIS

An order granting summary judgment is reviewed *de novo. Convergent Techs., Inc. v. Stone*, 257 So. 3d 161, 166 (Fla. 1st DCA 2018). Likewise, an issue of statutory interpretation is reviewed *de novo. Whitney Bank v. Grant*, 223 So. 3d 476, 479 (Fla. 1st DCA 2017). The polestar of statutory interpretation is legislative intent, which is to be determined by first looking at the actual language used in the statute. *Searcy, Denney, Scarola, Barnhart*

& *Shipley, etc. v. State*, 209 So. 3d 1181, 1189 (Fla. 2017). If the statutory language is clear and unambiguous, the court may not resort to the rules of statutory construction and the statute must be given its plain and obvious meaning. *Id.* The court must give effect to all parts of the statute and avoid readings that would render a part thereof meaningless, and it must read all parts of a statute together in order to achieve a consistent whole. *Id.* The court may not construe a statute in a way that would extend, modify, or limit its express terms or its reasonable or obvious implications. *Id.* The statute's plain meaning must control, unless it leads to an unreasonable result or a result that is clearly contrary to legislative intent. *Id.* If the statutory language is ambiguous, however, the court should look to the rules of statutory construction to help interpret legislative intent, which may include the examination of the statute's legislative history. *Hardee Cty. v. FINR II, Inc.*, 221 So. 3d 1162, 1165 (Fla. 2017). Additionally, "amendments enacted shortly after controversies as to the interpretation of the original act arise may be considered useful guidance for the original intent." *Id.* at 1166-67.

Section 718.116(1)(a), Florida Statutes (2017), which is part of the Condominium Act, provides as follows:

> **A unit owner**, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, **is liable for all assessments which come due while he or she is the unit owner**. **Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title.** This liability is without prejudice to any right the owner may have to recover from the previous owner the amounts paid by the owner. For the purposes of this paragraph, the term "previous owner" does not include an association that acquires title to a delinquent property through foreclosure or by deed in lieu of foreclosure. **A present unit owner's liability for unpaid assessments is limited to any unpaid assessments that accrued before the association acquired title to the delinquent property through foreclosure or by deed in lieu of foreclosure.**

4

(Emphasis added.) The last two sentences of the statute were enacted on July 1, 2014. *See* Ch. 2014-133, § 10, Laws of Fla.

The issue before us is whether, pursuant to section 718.116(1)(a), the present owner of a condominium unit is jointly and severally liable with the previous owner for unpaid assessments that came due during the ownership of both the previous owner and the original owner (as contended by the Association) or only for unpaid assessments that came due during the ownership of the previous owner (as argued by FLA Trust and found by the trial court).

The Third District has addressed this issue in a series of cases—in which the association was the previous owner and the 2013 version of section 718.116(1)(a) applied—and held that (1) a condominium association is a unit owner within the meaning of the statute, and (2) a present owner is solely responsible for assessments coming due during its ownership and is jointly and severally liable for assessments that came due during the immediate prior owner's ownership, but is not responsible for assessments that came due during the original owner's ownership. *See Bona Vista Condo. Ass'n, Inc. v. FNS6, LLC*, 194 So. 3d 490, 491-93 (Fla. 3d DCA 2016); *Aventura Mgmt., LLC v. Spiaggia Ocean Condo. Ass'n., Inc.*, 149 So. 3d 690, 692-93 (Fla. 3d DCA 2014); *Park W. Prof'l Ctr. Condo. Ass'n, Inc. v. Londono*, 130 So. 3d 711, 712 (Fla. 3d DCA 2013); *Aventura Mgmt., LLC*, 105 So. 3d at 637. Shortly after the Third District interpreted section 718.116(1)(a), the Legislature amended the statute by adding the last two sentences, whereby it expressly excluded the association from the term "previous owner." Before we proceed to interpret the 2017 version of section 718.116(1)(a), which applies in this case, we note that the fact that the association was an intervening owner in the foregoing cases does not appear to have had a bearing on the Third District's analysis.

The parties' primary focus is on the following statutory language: "Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title." FLA Trust's and the Third District's reliance on the singular definite article "the" before "previous owner" is misplaced. The phrase "the previous owner"

5

pertains to the person with whom the present owner has joint and several liability, not to the period of ownership during which the present owner is liable for unpaid assessments—the latter of which is at issue. Reliance on the phrase "the previous owner" is also unpersuasive because the previous owner is jointly and severally liable with the original owner, and the use of the singular definite article does not foreclose the reasonable interpretation that the previous owner's liability for assessments unpaid by the original owner flows to the present owner. The phrase "all unpaid assessments that came due up to the time of transfer of title" is more on point and lends further support for that interpretation. If the Legislature intended to limit the present owner's joint and several liability to unpaid assessments that came due during the previous owner's ownership, it could have simply said, "a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due during the previous owner's ownership."

Moreover, we cannot read the foregoing sentence in isolation; rather, we must read together and give effect to all parts of the statute to achieve a consistent whole and avoid an interpretation that would render a part of the statute meaningless. Unlike the 2013 version of the statute that applied in the Third District cases, the version applicable in our case states that the term "previous owner" does not include an association that acquires title and goes on to provide that "[a] present unit owner's liability for unpaid assessments is limited to any unpaid assessments that accrued before the association acquired title to the delinquent property through foreclosure or by deed in lieu of foreclosure." There is only one reasonable interpretation of this provision: when the previous owner is the association, the present owner is liable only for unpaid assessments that accrued before the association acquired ownership; that is, during the original owner's ownership. This provision essentially skips the period of the association's ownership and absolves the present owner of liability for assessments unpaid during that time, while maintaining the present owner's liability for assessments unpaid during the original owner's ownership. In other words, it provides that the present owner is liable for unpaid assessments that came due during the ownership of the original owner, but not for unpaid

6

assessments that came due during the ownership of the association as previous owner.

When the statutory provisions are read together, the legislative intent is unambiguous: the present owner is jointly and severally liable with the previous owner for unpaid assessments that came due during the ownership of both the previous owner (unless it was the association) and the original owner. Therefore, FLA Trust is jointly and severally liable with Homes HQ for assessments that were unpaid by not only Homes HQ, but also the Original Owners. Accordingly, we reverse the final summary judgment. We certify conflict with the Third District's decisions in *Bona Vista Condominium Association, Inc. v. FNS6, LLC*, 194 So. 3d 490 (Fla. 3d DCA 2016), *Aventura Management, LLC v. Spiaggia Ocean Condominium Association, Inc.*, 149 So. 3d 690 (Fla. 3d DCA 2014), *Park West Professional Center Condominium Association, Inc. v. Londono*, 130 So. 3d 711 (Fla. 3d DCA 2013), and *Aventura Management, LLC v. Spiaggia Ocean Condominium Association, Inc.*, 105 So. 3d 637 (Fla. 3d DCA 2013), to the extent they limit the current owner's joint and several liability pursuant to section 718.116(1)(a) to unpaid assessments that came due during the ownership of the immediate prior owner, and not the original owner.

REVERSED; CONFLICT CERTIFIED.

B.L. THOMAS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

James Roche of McCabe & Ronsman, Ponte Vedra Beach, for Appellant.

J. Richard Young of Law Office of J. Richard Young, PLLC, Goldenrod, for Appellee Fla Trust Services, LLC.

7