# First District Court of Appeal
## State of Florida

_____

No. 1D2022-2094

_____

VERIZON COMMUNICATIONS INC.
& AFFILIATES,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
REVENUE,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Layne Smith, Judge.

February 28, 2024

OSTERHAUS, C.J.

Appellant Verizon Communications appeals the circuit court's award of partial summary judgment in favor of Appellee the Florida Department of Revenue. In a corporate tax dispute involving deductions from more than twenty years ago, the circuit court determined that certain federal tax mitigation rules that would benefit Verizon and its year 2000 tax return do not apply under Florida law. We agree and affirm.

## I.

Earlier this millennium, Verizon acquired some companies and began filing consolidated annual tax returns with them. Some of these companies carried net operating losses (NOLs) with them that could be deducted for federal and state tax purposes.[1] But under a Department rule in effect at the time, some NOL deductions were not fully utilized on tax returns filed with the state.[2]

The present case arose out of the Department's audit of Verizon's 2011-2013 corporate income tax returns. In 2017 the Department issued Verizon a Notice of Proposed Assessment indicating that, based on its audit, Verizon was due a refund for certain over-paid taxes made between 2005 and 2013. In turn, Verizon filed a tax protest arguing that it was entitled to utilize pre-2000 NOLs from the companies it had acquired and to revise its year 2000 tax return. The Department, however, rejected Verizon's argument about these NOLs finding them to be barred by the three-year statute of limitations provided in § 215.26, Florida Statutes.

Verizon took the issue to circuit court and contended that Florida law incorporated federal corporate tax mitigation provisions that applied in Verizon's favor here. These more equitable federal mitigation rules would allow Verizon to utilize NOL deductions even after the ordinary statute of limitations had run. After analyzing Florida corporate tax provisions, the circuit court determined that Florida has not adopted the federal mitigation provisions. Verizon then appealed.

---

[1] A net operating loss is defined as the excess of deductions allowed under the Internal Revenue Code over gross income. 26 U.S.C. § 172.

[2] Florida's separate return limitation year (SRLY) rule was in effect until invalidated by this court in *Golden West Fin. Corp. v. Dep't of Revenue*, 975 So. 2d 567 (Fla. 1st DCA 2008).

## II.

"A trial court's order granting final summary judgment is reviewed de novo . . . ." *Crapo v. Univ. Cove Partners, Ltd.*, 298 So. 3d 697, 700 (Fla. 1st DCA 2020). "An issue of statutory interpretation is also reviewed de novo." *Id.* (citing *Coastal Creek Condo. Ass'n v. Fla. Tr. Servs. LLC*, 275 So. 3d 836, 838 (Fla. 1st DCA 2019)).

Federal mitigation provisions allow for the correction of errors that would otherwise be barred. 26 U.S.C. § 1311. Verizon contends that Florida law adopts federal corporate tax law concepts and thus has implicitly adopted the federal mitigation provisions found in 26 U.S.C. §§ 1311-14. In 1971 the Florida Legislature added Chapter 220 to the Florida Statutes for the purpose of imposing a corporate income tax in Florida. Ch. 71-984, Laws of Fla. The tax was designed substantially to mirror federal income tax laws. *See Dep't of Revenue v. Am. Tel. & Tel. Co.*, 431 So. 2d 1025, 1027 (Fla. 1st DCA 1983) (chapter 220 "enabl[es] Florida taxpayers to 'piggyback' on the provisions of the IRC"). Indeed, § 220.02(3), Florida Statutes, includes a "Legislative intent" provision that reads:

> (3) It is the intent of the legislature that the income tax imposed by this code shall utilize, to the greatest extent possible, concepts of law which have been developed in connection with the income tax laws of the United States, in order to:
>
>> (a) Minimize the expenses of the Department of Revenue and difficulties in administering this code;
>> (b) Minimize the costs and difficulties of taxpayer compliance; and
>> (c) Maximize, for both revenue and statistical purposes, the sharing of information between the state and the Federal Government.

But Florida's tax code also contains substantive provisions that can differ from the federal code. Turning specifically to Verizon's NOL argument, Florida's tax code includes a statute of non-claim that fixes a definitive three-year time period in which

3

refunds can be requested for taxes or payments made in error: "Application for refunds as provided by this section must be filed with the Chief Financial Officer, except as otherwise provided in this subsection, within 3 years after the right to the refund has accrued or else the right is barred." § 215.26(2), Fla. Stat; *Victor Chem. Works v. Gay*, 74 So. 2d 560, 563 (Fla. 1954) (noting § 215.26 to be a statute of nonclaim that "while partaking of the nature of a statute of limitations is not wholly such. It constitutes part of the procedure of the court, . . . and, where no exemption from the provisions of a statute exist, the court is powerless to create one." (quoting *Brooks v. Fed. Land Bank of Columbia*, 143 So. 749, 753 (Fla. 1932))); *C&S Wholesale Grocers, Inc. v. Fla. Dep't of Bus. & Pro. Regul.*, 375 So. 3d 943, 948 (Fla. 1st DCA 2023) (recognizing that "[j]urisdictional statutes of nonclaim are distinct in that they operate to deprive a court of the power to adjudicate an untimely claim").

Verizon argues, however, that federal mitigation provisions supersede § 215.26 and authorize its old refund claim because § 220.02(3) states the legislative intention that Florida utilize federal corporate income tax law to the greatest extent possible, which would include federal mitigation rules allowing for the correction of errors that would otherwise be barred. The problem with this argument is that § 215.26 expressly applies to refund claims like Verizon's here. And no state statute makes an allowance for a federal mitigation exception to the non-claim statute. Verizon's argument also relies upon a statement of "Legislative intent" expressed in § 220.02(3) but courts don't typically construe substantive rights from such statements. *See, e.g.*, *Barati v. State*, 198 So. 3d 69, 77 (Fla. 1st DCA 2016) (concluding that a "statement of legislative intent cannot authorize this court to insert new language into the statute not authorized by the Legislature."). Deriving a substantive right from an intent statute is particularly problematic where, as here, the statement isn't supported by other substantive law. Indeed, Verizon's legislative intent argument conflicts outright with the claim bar set forth in § 215.26(2).

Furthermore, the legislative intention expressed in § 220.02(3) targets efficiency-oriented goals that don't fit the

4

circumstances here. Specifically, § 220.02(3) aims to utilize the federal code for a specific purpose, "in order to":

(a) Minimize the expenses of the Department of Revenue and difficulties in administering this code;
(b) Minimize the costs and difficulties of taxpayer compliance; and
(c) Maximize, for both revenue and statistical purposes, the sharing of information between the state and the Federal Government.

But the procedure Verizon advocated here isn't efficient at all. Rather, it attempts to reopen its year 2000 tax return and claim deductions against that year's income on the basis of NOLs from even earlier tax years. Recovering and reviewing voluminous aged tax records for claims more than twenty years old wouldn't be administratively efficient for anyone, especially in comparison to following Florida's non-claim statute. Indeed, § 215.26 handles untimely claims with a most efficient rule that provides administrative finality, it provides a clear deadline and a claim bar. In view of § 220.02(3)'s stated efficiency goals, Verizon's argument for displacing Florida's clear and efficient non-claim statute, in favor of a federal tax concept that would keep tax deadlines open indefinitely and not suitably minimize and maximize the various goals set forth in that statute's text, cannot be correct.

In conclusion, Florida law explicitly bars older tax refund claims like those Verizon asserted. To elevate federal mitigation rules over the express state standard would create an exception to § 215.26 where none currently exists in the statute. And "where no exemption from the provisions of a statute exist, the court is powerless to create [such an exception]." *Victor Chem.*, 74 So. 2d at 563. We therefore agree with the trial court that Verizon is not entitled to its requested relief based on the federal mitigation provisions.

AFFIRMED.

KELSEY and M.K. THOMAS, JJ., concur.

5

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Michael J. Bowen and Peter O. Larsen of Akerman LLP, Jacksonville; and Kristen M. Fiore of Akerman LLP, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Timothy E. Dennis, Chief Assistant Attorney General, and Clifton Cox, Office of the Attorney General, Revenue Litigation Bureau, Tallahassee, for Appellee.