# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-2096
_____

FLORIDA DEPARTMENT OF
REVENUE,

 Appellant,

 v.

VERIZON COMMUNICATIONS INC.
& AFFILIATES,

 Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Layne Smith, Judge.

February 28, 2024

OSTERHAUS, C.J.

 The Florida Department of Revenue appeals the circuit court's entry of partial summary judgment in favor of Appellee Verizon Communications Inc. The Department argues that the circuit court erred in its interpretation of section 220.13(1)(b)1., Florida Statutes, affecting the calculation of certain income tax deductions in Verizon's favor. We agree with the circuit court and affirm.

I.

This dispute deals with complex corporate income tax issues. In 1971, the Florida Legislature added Chapter 220 to the Florida Statutes imposing a corporate income tax in Florida. Ch. 71-984, Laws of Fla. This income tax was designed to heavily mirror the federal income tax laws. *See* § 220.02(3), Fla. Stat. (1972); *Dep't of Revenue v. Am. Tel. & Tel. Co.*, 431 So. 2d 1025, 1027 (Fla. 1st DCA 1983) (chapter 220 "enabl[es] Florida taxpayers to 'piggyback' on the provisions of the IRC"). Simply described, Florida calculates corporate income taxes beginning with a company's federal income and makes certain adjustments to determine the "adjusted federal income." *See* §§ 220.12-.13, Fla. Stat. The taxpayer and the Department then determine what portion of this adjusted federal income is taxable as income earned from activity in Florida. *See* § 220.15, Fla. Stat.

Sometimes, a company incurs more losses in a given year than its operating income. These losses are known as net operating losses (NOLs).[1] These operating losses (whether federal or Florida specific) may be used to lower the amount of tax owed on certain years' tax returns. *See* 26 U.S.C. § 172; § 220.13(1)(b)1.a., Fla. Stat. Relevant in this case, federal and state law treat NOLs a little differently when a major company acquires smaller companies that have high losses and thus a high amount of NOLs. Both federal and Florida law limit the amount of NOLs the acquiring company can deduct from its tax return each year. And this case involves a disagreement as to how the Florida-specific NOL limitation should be calculated.

II.

This case arose from the Department's audit of Verizon's 2011-2013 corporate income tax returns. In 2017, the Department issued Verizon a Notice of Proposed Assessment indicating that, based on its audit, Verizon was due a refund for certain taxes over-

---

[1] A net operating loss is formally defined as the excess of deductions allowed under the Internal Revenue Code over gross income. 26 U.S.C. § 172.

paid between 2005 and 2013. Verizon agreed it was due a refund, but disputed the amount it was owed. It filed a protest raising two issues. This appeal involves one of those issues, the Department's method for calculating NOL limitations for state tax purposes.

Relevant background facts here are that Verizon acquired MCI, Inc. in 2006 and Terremark Worldwide, Inc. in 2011. The parties stipulate that when Verizon acquired MCI, MCI had accumulated over $15 billion in federal NOLs and $267 million in Florida NOLs. When Terremark was acquired, it had accumulated over $308 million in federal NOLs and over $238 million in Florida NOLs. The parties agreed that the annual deduction limit for using these companies' NOLs each year on Verizon's *federal* tax returns is $241 million for MCI and about $128 million for Terremark. They do not agree, however, on the annual deduction limit for state tax purposes. The Department rejected Verizon's request to utilize the same deduction limit as the federal amount for state tax purposes in favor of a Department-created methodology for calculating NOL deduction limits.

Verizon filed a complaint in circuit court on the issue. It contended that the proper reading of section 220.13(1)(b)1., Florida Statutes, is that the Florida NOL limitation is the equivalent amount of the federal NOL limitation. The Department countered that limiting language within the statute restricts the Florida NOL deduction limitation under a proportional calculation methodology that it created. The circuit court agreed with Verizon's interpretation and the Department now appeals.

## III.

"A trial court's order granting final summary judgment is reviewed de novo." *Crapo v. Univ. Cove Partners, Ltd.*, 298 So. 3d 697, 700 (Fla. 1st DCA 2020). "An issue of statutory interpretation is also reviewed de novo." *Id.* (citing *Coastal Creek Condo. Ass'n v. Fla. Tr. Servs. LLC*, 275 So. 3d 836, 838 (Fla. 1st DCA 2019)). This court also reviews de novo an administrative agency's interpretation of a statute. Art. V, § 21, Fla. Const.

The parties dispute the interpretation of § 220.13(1)(b)1. as to how deductions for net operating loss are determined under Florida law. This section reads in relevant part:

1. There shall be subtracted from such taxable income:

> a. The net operating loss deduction allowable for federal income tax purposes under s. 172 of the Internal Revenue Code for the taxable year, . . .

However, a net operating loss . . . shall never be carried back as a deduction to a prior taxable year, but all deductions attributable to such losses shall be deemed net operating loss carryovers . . . and treated in the same manner, to the same extent, and for the same time periods as are prescribed for such carryovers in ss. 172 . . . of the Internal Revenue Code.

§ 220.13(1)(b)1., Fla. Stat. (2013).

"In interpreting the statutes, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Dozier v. Duval Cnty. Sch. Bd.*, 312 So. 3d 187, 192 (Fla. 1st DCA 2021) (quoting *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020)). "A statute that is clear and unambiguous on its face requires no construction and should be applied in a manner consistent with its plain meaning." *Id.* (quoting *Geico Indem. Co. v. Accident & Inj. Clinic, Inc.*, 290 So. 3d 980, 983 (Fla. 5th DCA 2019)). Additionally, "judges must 'exhaust all the textual and structural clues' that bear on the meaning of a disputed text." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (quoting *Alachua Cnty. v. Watson*, 333 So. 3d 162, 169 (Fla. 2022)).

Verizon's argument relies upon a straight-forward reading of the statute and we agree with it. Section 220.13(1)(b)1. establishes a NOL-deduction methodology that subtracts from taxable income "[t]he net operating loss deduction allowable for federal income tax purposes under s. 172 of the Internal Revenue Code for the taxable year. . . . treated in the same manner, to the same extent, and for

4

the same time periods as are prescribed for such carryovers." Since the annual NOL deduction "allowable for federal income tax purposes" is $241 million in the case of the MCI NOLs, so is the deduction limit corresponding to these NOLs for state tax purposes. The Department's rule confirms the mirror federal and state deduction amounts:

> Florida piggybacks the federal provisions in s. 382, I.R.C., which is incorporated by reference in Rule 12C-1.0511, F.A.C., concerning the limitation on the use of any NOL carryforward of an acquired corporation. In computing the Florida corporate income tax, a deduction for the NOL carryover will be allowed *to the extent of the amount allowed for federal purposes*, provided that the deduction does not exceed the total amount of the Florida NOL carryover available in such taxable year.

Fla. Admin. Code R. 12C-1.013(15)(j) (emphasis added). And so, both the statute's text and the rule support the circuit court's conclusion that the annual NOL deduction limit amount for state tax purposes is the same amount as under federal law.

Conversely, we decline the Department's invitation to accept its more attenuated interpretation of § 220.13(1)(b)1. that annual NOL deductions must utilize a calculation that divides the federal limitation by the total federal NOLs for a company, then multiplies this number by the total Florida NOLs for that company. The upshot here is that the Department would limit Verizon's deduction in the case of the MCI NOLs, for example, to about $4 million annually. Under this approach, similar to the federal tax outcome, Verizon would not be able to obtain the full value of its MCI-related NOL deductions for state tax purposes before the twenty-year carryover period ends.[2] The Department supports its

---

[2] The Department makes much of the difference between the parties' methodologies by highlighting the limits of Verizon's MCI-related NOL usage for federal tax purposes. With an annual federal deduction limit for MCI's NOLs of $241 million per year, it would take Verizon approximately 65 years to deduct the full amount of the MCI NOLs. And given the twenty-year legal limit on carryovers, Verizon wouldn't come close to receiving the full

5

argument with the statutory language requiring that NOL carryovers be "treated in the same manner, to the same extent, and for the same time periods." § 220.13(1)(b)1., Fla. Stat. But we read this language together with the rest of the provision to require and reinforce our conclusion that, except for the express rejection of carrybacks, Florida's annual NOL deduction limit tracks the amount of the federal limit and can be similarly deducted each year.

III.

For the foregoing reasons, the judgment of the circuit court is AFFIRMED.

KELSEY and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Ashley Moody, Attorney General, and Timothy E. Dennis, Chief Assistant Attorney General, and Clifton Cox, Office of the Attorney General, Revenue Litigation Bureau, Tallahassee, for Appellant.

Michael J. Bowen and Peter O. Larsen of Akerman LLP, Jacksonville; and Kristen M. Fiore of Akerman LLP, Tallahassee, for Appellee.

---

value of these deductions on its federal taxes. Along the lines of this federal outcome, the Department advocates a proportional formula so that Verizon would similarly not be able to obtain the full value of its MCI-related NOL deductions for state tax purposes.